**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 03-4879**

---

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

KATHY COURTRIGHT,

                              Defendant - Appellant.

---

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  Frederick P. Stamp, Jr., District Judge.  (CR-02-70)

---

Submitted:  October 1, 2004          Decided:  October 28, 2004

---

Before NIEMEYER, LUTTIG, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Brian J. Kornbrath, Federal Public Defender, Clarksburg, West Virginia, for Appellant. Thomas E. Johnston, United States Attorney, Randolph J. Bernard, Robert H. McWilliams, Jr., Assistant United States Attorneys, Wheeling, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Kathy Courtright appeals her conviction and 188-month sentence following her guilty plea to a single count of aiding and abetting the distribution of crack cocaine within 1000 feet of a school zone, in violation of 18 U.S.C. § 2 (2000) and 21 U.S.C. §§ 841(a)(1), 860 (2000). Finding no error, we affirm.

In her appeal, filed pursuant to Anders v. California, 386 U.S. 738 (1967), counsel for Courtright asserts there are no non-frivolous issue for appeal but raises first the question of whether Courtright's plea was made knowingly and voluntarily. We have reviewed the record and conclude that the district court's plea colloquy with Courtright fully complied with Fed. R. Crim. P. 11. Accordingly, we deny this claim.

Courtright's remaining issue questions the district court's application of a career offender enhancement pursuant to U.S. Sentencing Guidelines Manual § 4B1.1 (2002). Criminal defendants may waive their statutory right to direct appeal as part of a plea agreement with the Government. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). Courtright's plea agreement clearly waives her right to challenge either her sentence or its calculation as long as it does not exceed the maximum sentence provided by law. Because Courtright's sentence does not exceed the statutory maximum, and because we find that Courtright entered her plea knowingly and voluntarily with full knowledge of the effect of

the waiver provision in the plea agreement, we conclude that she is precluded from raising this claim on appeal.

Finding no meritorious issues upon our review of the record, we affirm the judgment of the district court.[*] We also deny Courtright's motion to relieve and substitute her attorney. This court requires that counsel inform his client, in writing, of her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*]Courtright has filed a motion to file a supplemental brief addressing the issues raised by the Supreme Court's recent ruling in Blakely v. Washington, 124 S. Ct. 2531 (2004). We grant her motion and deem it to provide the supplemental argument regarding the effects of Blakely. We have considered the applicability of Blakely to the federal sentencing guidelines and have concluded that their application by a district court comports with the requirements of the Sixth Amendment. See United States v. Hammoud, ___ F.3d ___, 2004 WL 2005622, at *28 (4th Cir. Sept. 8, 2004) (No. 03-4253) (en banc); United States v. Hammoud, 378 F.3d 426 (4th Cir. 2004) (order), petition for cert. filed, ___ U.S.L.W. ___ (U.S. Aug. 6, 2004) (No. 04-193). We therefore deny relief on Courtright's Blakely claim and deny her motion to hold her appeal in abeyance.